LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYSON PRINGLE,<br>TERRY EVANS,<br>MYRANDA LINCOLN, and<br>CLIFFORD TURNIPSEED,<br><br>Plaintiffs,<br><br>v.<br><br>NFI INDUSTRIES, INC. and NATIONAL DISTRIBUTION CENTERS, LLC<br><br>Defendants. | Case No. 19-cv-06633<br><br>**FIRST AMENDED COMPLAINT**<br><u>DEMAND FOR JURY TRIAL</u><br><br>Honorable Judge Sharon Johnson Coleman<br>Magistrate Judge Sunil R. Harjani |

**FIRST AMENDED COMPLAINT**
**INTRODUCTION**

Plaintiffs Tyson Pringle ("Pringle"), Terry Evans ("Evans"), Myranda Lincoln ("Lincoln"), and Clifford Turnipseed ("Turnipseed"), collectively referred to herein as "Plaintiffs," bring this Complaint against Defendants NFI Industries, Inc. and National Distribution Centers, LLC (collectively "NFI") based upon personal knowledge with respect to themselves and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

**PARTIES**

1. Plaintiff Tyson Pringle is a black, African-American, male and a resident of Dolton, Illinois. Plaintiff Pringle was an employee of NFI's from July 31, 2015 (initially as a temporary employee, and then fully hired by National Distribution Centers, LLC on, or around, December 6, 2016)

until November 29, 2018 when his employment was terminated following his refusal to take a racially discriminatory drug test. At the time of the November 29, 2018 racially discriminatory drug test, Plaintiff Pringle was employed as a forklift operator by NFI's warehouse located in Elwood, Illinois.

2. Plaintiff Terry Evans is a black, African-American, male and a resident of Hazelcrest, Illinois. Plaintiff Evans was an employee of NFI from June 2017 (initially as a temporary employee, and then fully hired by NFI on, or around, November 26, 2017) until November 29, 2018 when his employment was terminated following his refusal to take a racially discriminatory drug test. At the time of the November 29, 2018 racially discriminatory drug test, Plaintiff Evans worked at NFI's warehouse located in Elwood, Illinois.

3. Plaintiff Myranda Lincoln is a black, African-American, female and a resident of Joilet, Illinois. Plaintiff Lincoln began her employment with NFI in, or around, February 2018 (initially as a temporary employee, and then fully hired by NFI in, or around, May 2018). At the time of the November 29, 2018 racially discriminatory drug test, Plaintiff Lincoln worked as a forklift operator at NFI's warehouse located in Elwood, Illinois.

4. Plaintiff Clifford Turnipseed is a black, African-American, male and a resident of Chicago, Illinois. Plaintiff Turnipseed began his employment with NFI in, or around, October 2015 (initially as a temporary employee, and then fully hired by NFI in, or around January 2016). At the time of the November 29, 2018 racially discriminatory drug test, Plaintiff Turnipseed had worked his way up from the position of forklift operator to the position of training lead, training other associates on dock procedures. At all relevant times, Plaintiff Turnipseed worked at NFI's warehouse located in Elwood, Illinois.

5. Defendant NFI Industries, Inc. is a private and family owned company that does business in logistics and distribution services. NFI Industries, Inc. offers transportation management, warehousing, freight services, backhaul optimization, and fleet engineering solutions. NFI Industries conducts business operations worldwide and has its corporate headquarters located at 1515 Burnt Mill Road, Cherry Hill, New Jersey 08003. At all relevant times, NFI Industries, Inc. was an employer pursuant to Title VII and the Illinois Human Rights Act.

6. Defendant National Distribution Centers, LLC is the distribution arm of Defendant NFI Industries, Inc. and is a private and family owned company that does business in logistics and distribution services. National Distributions Centers, LLC offers transportation management, warehousing, freight services, backhaul optimization, and fleet engineering solutions. National Distribution Centers, LLC conducts business operations worldwide and has its corporate headquarters located at 1515 Burnt Mill Road, Cherry Hill, New Jersey 08003. National Distribution Centers, LLC employed Plaintiffs at its

warehouse located in Elwood, Illinois. At all relevant times, National Distribution Centers, LLC was an employer pursuant to Title VII and the Illinois Human Rights Act.

## JURISDICTION AND VENUE

7. This case arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

8. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391. NFI conducts extensive business in the State in which this district is located. A substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

9. On November 29, 2018, Plaintiff Pringle's direct supervisor was Judy Beavis.

10. On November 29, 2018, Plaintiff Evan' direct supervisor was Essex Brassell.

11. On November 29, 2018, Plaintiff Lincoln's direct supervisor was Judy Beavis.

12. On November 29, 2018, Plaintiff Turnipseed's direct supervisor was John Hestand.

13. On November 29, 2018, David Hohman was employed as a direct supervisor to Judy Beavis.

14. On November 29, 2018, Darren Stotts was employed as the General Manager at the Elwood, Illinois warehouse location where Plaintiffs were all then employed. Upon information and belief, in or around January, 2019, Darren Stotts' employment with NFI was terminated.

15. On November 29, 2018, Plaintiffs Pringle, Evans, Lincoln, and Turnipseed, in accordance with company policy, elected to take their lunch break together offsite from Defendant's warehouse. This was a regular occurrence. Plaintiffs Pringle and Evans often drove to work together and spent their lunch break together. Often other employees, such as Plaintiffs Lincoln and Turnipseed, would join them for lunch.

16. Plaintiff Pringle drove the group to their lunch destination that day. Upon returning, Judy Beavis and another woman walked past Plaintiff Pringle's vehicle. Plaintiffs then exited Plaintiff Pringle's vehicle and walked back into the warehouse to continue working the remainder of their shifts.

17. Later that day, around roughly 1:55-2:00 PM, all four Plaintiffs were called, immediately and without explanation, in to see the General Manager, Darren Stotts. Present in this meeting were Plaintiffs Pringle, Evans, Lincoln, and Turnipseed, as well as Darren Stotts, Judy Beavis, and David Hohman.

18. All four African-American Plaintiffs were then told they had been called into Darren Stott's office due to suspicion of marijuana use.

19. Typically, the only time NFI requires its employees to submit to drug tests is following a work-related accident involving a vehicle or machinery. Typically, when NFI requires employees to take drug tests, employees are given up to two hours to get to a clinic and take a drug test. Typically, employees are allowed to drive themselves to the clinic or location where the drug test will be taken. Plaintiffs were familiar with NFI's drug testing policies and procedures, and more importantly, had seen and were aware of how other, non-black, employees were treated by NFI when required to take drug tests.

20. The treatment that Plaintiffs were subjected to on November 29, 2018 was in complete contradiction with NFI's typical drug testing procedure and how other, non-black employees were treated. NFI threatened Plaintiffs by telling them that if they did not cooperate, the police would be called. NFI told Plaintiffs that they could not take their own vehicles to the testing facility, and instead that they had to be driven to the clinic by General Manager Darren Stotts.

21. Plaintiffs were told that if they did not cooperate with the racially discriminatory drug test that the police would be called and NFI would report to the police that Plaintiffs were under the influence of drugs.

22. Plaintiffs are not aware of any non-black employees who had been subjected to such accusatory and purposefully demeaning and humiliating treatment when being sent to submit drug tests.

23. NFI's company policy contains no language stating that employees are to be subjected to random drug tests, that employees must ride in a manager or supervisor's vehicle to said drug test, or that police would be called in response to an unfounded suspicion of marijuana usage.

24. Plaintiff Turnipseed received an exemption from going to the drug testing facility with General Manager Darren Stotts because he was scheduled to pick up his daughter from school. He was given permission to return to submit a drug screen at a later time, which he did, and passed.

25. Plaintiffs Pringle, Evans, and Lincoln were then driven by their General Manager Darren Stotts, to the clinic where the drug test was to take place.

26. Plaintiff Lincoln did not have identification with her once they arrived at the clinic, and was thus unable to take the drug test. She was told she could return with her identification on her own and take the test, which she did, and passed.

27. Plaintiff Evans attempted, but was unable, to produce a sample at the clinic.

28. Plaintiff Pringle refused to submit to the drug test as the test derived from clearly racially discriminatory employment practices on behalf of NFI and its representatives at its Elwood, Illinois warehouse location.

29. David Hohman then informed General Manager Stotts that Plaintiff Pringle refused the test. General Manager Darren Stotts then told David Hohman that "well Tyson's assignment and just ended, and Terry's assignment has ended."

30. Plaintiff Evans contacted his direct supervisor, Essex Brassell, to notify him that the only African-American employees working that shift were being targeted to take racially discriminatory drug tests. Rather than defend NFI's racially discriminatory drug tests, Essex Brassell told Plaintiff Evans that NFI's company lawyer did not want him to discuss anything with the Plaintiffs or say anything that could be construed against NFI.

31. Later that day, both Plaintiffs Pringle and Evans were terminated from their positions. Pringle was terminated for refusing to take the racially discriminatory drug test and Plaintiff Evans was terminated for his inability to produce a sample at the clinic.

32. The fact that Plaintiffs, the only black individuals who were employed at NFI's Elwood, Illinois warehouse for their shift were required to take drug tests in the middle of their workday, despite having not been involved in any workplace accident or exhibiting any type of unusual, unsafe, or prohibited workplace behavior demonstrates NFI's racially discriminatory workplace environment and workplace practices and that the drug tests were ordered for racially discriminatory reasons.

33. Additionally, the fact that Plaintiffs were treated in a disparate and discriminatory way during the drug testing process (being threatened with police intervention, being requested to immediately go to the clinic instead of being provided the typical two hours given to employees to get to the drug test location, and being requested to ride to the clinic in General Manager Stott's vehicle rather than their own) further demonstrates NFI's racially discriminatory workplace environment and workplace practices and that the drug tests were ordered for racially discriminatory reasons.

34. Only black, African-American employees at NFI's Elwood, Illinois warehouse location have been asked to take non-accident related drug tests.

35. Defendant NFI hires very few black, African-American employees. When it did hire them, they are treated in a degrading and discriminatory fashion.

36. Plaintiffs Lincoln and Turnipseed passed the racially discriminatory drug test forced upon them by NFI. Despite continued employment with NFI after the drug tests, Plaintiffs Lincoln and Turnipseed have had to endure a racially hostile work environment as well as the embarrassment and humiliation that accompanied the racially discriminatory drug test on November 29, 2018.

37. NFI's black employees are managed and motivated through fear and intimidation. Managers regularly take harsher and more degrading tones with black employees as compared to non-black employees. For example, David Hohman, a direct participant in subjecting Plaintiffs to racially discriminatory treatment on November 29, 2018, is particularly antagonistic towards Plaintiff Turnipseed and other black employees. David Hohman has prevented Plaintiff Turnipseed from training to obtain a better employment position with NFI, even though Plaintiff Turnipseed's direct supervisor, John Hestand, has approved Plaintiff Turnipseed's work efforts and attempts at career advancement.

38. For six or more months prior to and shortly after the filing of the EEOC charges, there was a swastika drawn on a wall in one of the bathrooms at the Elwood, Illinois warehouse. Plaintiff Turnipseed reported the swastika to management, requesting that it be removed, cleaned off, painted over, etc. Before the EEOC became involved, nothing had been done about this blatant anti-Semitic and racist hate symbol on NFI's premises, further exemplifying the racially discriminatory attitude that pervaded NFI's Elwood, Illinois location.

39. Attached to this Complaint as Attachment A is a copy of the Right to Sue letter Plaintiff Pringle received from the Equal Employment Opportunity Commission ("EEOC") regarding his charges of racial discrimination and retaliation against NFI.

40. Attached to this Complaint as Attachment B is a copy of the Right to Sue letter Plaintiff Evans received from the Equal Employment Opportunity Commission ("EEOC") regarding his charges of racial discrimination and retaliation against NFI.

41. Attached to this Complaint as Attachment C is a copy of the Right to Sue letter Plaintiff Lincoln received from the Equal Employment Opportunity Commission ("EEOC") regarding her charges of racial discrimination and retaliation against NFI.

42. Attached to this Complaint as Attachment D is a copy of the Right to Sue letter Plaintiff Turnipseed received from the Equal Employment Opportunity Commission ("EEOC") regarding his charges of racial discrimination and retaliation against NFI.

43. Plaintiffs have requested right to sue letters from the Illinois Department of Human Rights (IDHR) and will supplement and amend accordingly once they have right to sue letters from the IDHR.

44. Plaintiffs have satisfied all conditions precedent to filing suit pursuant to Title VII.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### Racial Discrimination in Violation of Title VII
### (On Behalf of Plaintiffs against both Defendants)

45. Plaintiffs re-allege all prior paragraphs of the First Amended Complaint as if set out here in full.

46. Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race or national origin.

47. By its conduct as alleged herein, NFI has subjected Plaintiffs to racial discrimination in violation of Title VII of the Civil Rights Act of 1964 by creating and perpetuating a racially hostile work environment, by tolerating racial discrimination in the workplace, and by knowingly subjecting Plaintiffs to a hostile work environment and harassment. Most egregiously, NFI subjected Plaintiffs to a demeaning and humiliating racially discriminatory surprise, non-accident related drug test on November 29, 2018.

48. NFI's conduct toward Plaintiffs illustrated a willful and/or reckless disregard of Plaintiffs' rights to be free from racial discrimination.

49. As a result of NFI's unlawful conduct, Plaintiffs have lost wages and other benefits, have suffered emotional distress, embarrassment, and humiliation, and their careers have been damaged as a result of Defendants' conduct. Plaintiff have suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of NFI's conduct.

50. Plaintiffs demand to exercise their right to a jury trial of this matter.

## SECOND CLAIM FOR RELIEF
### Racial Discrimination in Violation of the Illinois Human Rights Act
**(On Behalf of Plaintiffs against both Defendants)**

51. Plaintiffs re-allege all prior paragraphs of the First Amended Complaint as if set out here in full.

52. The Illinois Human Rights Act ("IHRA") makes it unlawful for an employer to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race or national origin.

53. By its conduct as alleged herein, NFI has subjected Plaintiffs to racial discrimination in violation of the IHRA creating and perpetuating a racially hostile work environment, by tolerating racial discrimination in the workplace, and by knowingly subjecting Plaintiffs to a hostile work environment and harassment. Most egregiously, NFI subjected Plaintiffs to a demeaning and humiliating racially discriminatory surprise, non-accident related drug test on November 29, 2018.

54. Defendants' conduct toward Plaintiffs illustrated a willful and/or reckless disregard of Plaintiffs' rights to be free from racial discrimination.

55. As a result of Defendants' unlawful conduct, Plaintiffs have lost wages and other benefits, have suffered emotional distress, embarrassment, and humiliation, and their careers have been damaged as a result of Defendants' conduct. Plaintiff have suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of Defendants' conduct.

56. Plaintiffs demand to exercise their right to a jury trial of this matter.

## THIRD CLAIM FOR RELIEF
### Retaliation in Violation of Title VII
**(On Behalf of Plaintiffs against both Defendants)**

57. Plaintiffs re-allege all prior paragraphs of the First Amended Complaint as if set out here in full.

58. The Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any employee because they have opposed any unlawful employment practice or because they have made

a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to the Civil Rights Act of 1964.

59. By its conduct as alleged herein, NFI discriminated and retaliated against Plaintiffs for exercising their rights under the Civil Rights Act of 1964 and opposing an unlawful employment practice, including but not limited to, NFI requesting that Plaintiffs submit to a non-accident related drug screening for racially discriminatory reasons.

60. NFI's conduct toward Plaintiffs illustrated a willful and/or disregard of Plaintiffs' right to be free from racial discrimination and impermissible retaliatory conduct.

61. As a result of NFI's unlawful conduct, Plaintiffs have lost wages and other benefits, have suffered emotional distress, embarrassment, and humiliation, and their careers have been damaged as a result of Defendants' conduct; Plaintiffs have suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of Defendants' conduct.

62. Plaintiffs demand to exercise their right to a jury trial of this matter.

### FOURTH CLAIM FOR RELIEF
### Retaliation in Violation of IHRA
### (On Behalf of Plaintiffs against both Defendants)

63. Plaintiffs re-allege all prior paragraphs of the First Amended Complaint as if set out here in full.

64. The IHRA makes it unlawful for an employer to discriminate against any employee because they have opposed any unlawful employment practice or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to the IHRA.

65. By its conduct as alleged herein, NFI discriminated and retaliated against Plaintiffs for exercising their rights under the IHRA and opposing an unlawful employment practice, including but not limited to, NFI requesting that Plaintiffs submit to a non-accident related drug screening for racially discriminatory reasons.

66. NFI's conduct toward Plaintiffs illustrated a willful and/or disregard of Plaintiffs' right to be free from racial discrimination and impermissible retaliatory conduct.

67. As a result of NFI's unlawful conduct, Plaintiffs have lost wages and other benefits, have suffered emotional distress, embarrassment, and humiliation, and their careers have been damaged as a result of Defendants' conduct; Plaintiffs have suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of Defendants' conduct.

68. Plaintiffs demand to exercise their right to a jury trial of this matter.

### FIFTH CLAIM FOR RELIEF

**Retaliatory Discharge**
**(On Behalf of Plaintiffs Pringle and Evans against both Defendants)**

69. Plaintiffs re-allege all prior paragraphs of the First Amended Complaint as if set out here in full.

70. On November 29, 2018 NFI terminated Plaintiffs Pringle and Evans' employment because of their race and/or national origination and for their opposition to racially discriminatory employment practices, including a racially discriminatory non-accident related drug test. NFI does not subject their non-black employees to this type of drug test or to the demeaning and humiliating manner which Plaintiffs were subjected to. Plaintiff Pringle's employment was terminated for refusing to subject to the racially discriminatory drug test, while Plaintiff Evans was unable to produce a sample and then had his employment terminated as a result.

71. The termination of Plaintiffs Pringle and Evans' employment was a direct, proximate, and pretextual result of racial discrimination and their protected activities and in violation of established public policy.

72. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard to Plaintiffs Pringle and Evans' rights, entitling them to punitive damages.

73. Defendants' wrongful termination of Plaintiffs Pringle an Evans has caused them to suffer harm, including without limitation lost earnings, lost benefits, and other severe financial losses, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

74. Plaintiff Pringle and Evans are therefore entitled to all legal and equitable remedies available, including an award of punitive damages.

75. Plaintiffs demand to exercise their right to a jury trial of this matter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully ask the Court for the following relief:

(a) Declare that Defendants' conduct was in violation of Title VII;

(b) Declare that Defendants' conduct was in violation of the IHRA;

(c) Award Plaintiffs the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

(d) Award Plaintiffs the value of compensation and benefits they will lose in the future as a result of Defendants' unlawful conduct;

(e) Award Plaintiffs damages for emotional distress and compensatory damages;

(f) Award Plaintiffs punitive damages;

(g) Award Plaintiffs reasonable attorney's fees, costs and disbursements; and

(h) Award Plaintiffs any and all other relief as the Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

76. Plaintiffs demand a trial by jury on all triable issues.

DATED: October 19, 2019                                                                                      Respectfully submitted,

s/ *Michael L. Fradin*
Attorney for Plaintiffs
8401 Crawford Ave. Ste. 104
Skokie, IL 60076 Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tyson Pringle<br>c/o Michael L. Fradin, Esq.<br>Attorney At Law<br>8401 Crawford Ave, Suite 403<br>Skokie, IL 60076 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-03223 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll          9/5/2019

Enclosures(s)          Julianne Bowman,          (Date Mailed)
                       District Director

cc:

NFI DISTRIBUTION CENTERS, INC
c/o Chief Executive Officer
1515 Burnt Mill Road
Cherry Hill, NJ 08003

# EXHIBIT B

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST)

| To: | Terry Evans<br>c/o Michael L. Fradin, Esq.<br>Attorney At Law<br>8401 Crawford Ave, Suite 104<br>Skokie, IL 60076 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-03224 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll      9/5/2019

Enclosures(s)     Julianne Bowman,<br>District Director      (Date Mailed)

cc:

NFI DISTRIBUTORS
c/o Chief Executive Officer
27143 Baseline Rd
Elwood, IL 60421

# EXHIBIT C

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST)

| To: | Myranda Lincoln<br>c/o Michael L. Fradin, Esq.<br>Attorney At Law<br>8401 Crawford Ave, Suite 104<br>Skokie, IL 60076 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-03225 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll                              9/5/2019

Enclosures(s)                Julianne Bowman,            *(Date Mailed)*
                             District Director

cc:

NFI DISTRIBUTORS
c/o Chief Executive Officer
27143 Baseline Rd
Elwood, IL 60421

# EXHIBIT D

PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Clifford Turnipseed
c/o Michael Fradin, Esq.
Fradin Law
8401 Crawford Ave, Suite 104
Skokie, IL 60076

From: Chicago District Office
230 S. Dearborn
Suite 1866
Chicago, IL 60604

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-03520 | Alison Fisher, Investigator | (312) 872-9654 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

7/24/19
(Date Mailed)

Enclosures(s)

cc: NFI DISTRIBUTION CENTERS
c/o Sarah Pontoski
Associate General Counsel
1515 Burnt Mill Road
Cherry Hill, NJ 08003

- 17 -
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL